**TOWN OF BALL et al.,
Plaintiffs-Appellants,**

v.

**RAPIDES PARISH POLICE JURY et al., Defendants-Appellees.**

No. 77–1709.

United States Court of Appeals,
Fifth Circuit.

June 13, 1979.

---

8. See footnote 3, *supra,* for text of statute.

**44**

William P. Crews, Jr., R. Raymond Arthur, Natchitoches, La., for plaintiffs-appellants.

Edwin O. Ware, Dist. Atty., Gus Voltz, Jr., Asst. Dist. Atty., Alexandria, La., for Rapides Parish Police Jury & School Bd., and Town of Cheneyville.

William P. Polk, Alexandria, La., for Town of Forest Hill, Village of Woodworth and Village of McNary.

James C. Downs, Alexandria, La., for Town of Boyce.

Edward E. Rundell, Alexandria, La., for Town of Lecompte.

Jerry R. Osborne, New Orleans, La., for City of Pineville.

Howard B. Gist, Jr., Alexandria, La., for City of Alexandria.

Before THORNBERRY, CLARK, and RONEY, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The question on this appeal is whether the Tax Injunction Act of 1937, 28 U.S.C. § 1341, bars an action by a municipal corporation to enjoin the collection of a state tax when the municipality was not incorporated until after the enactment of the tax and until after the expiration of the state limitation period for bringing challenges to the tax. We hold that the municipality does not have a plain, speedy and efficient state remedy and that its suit is therefore not barred by section 1341.

On September 19, 1967, the citizens of Rapides Parish, Louisiana, approved a referendum authorizing the imposition of a sales tax within the Parish. The referendum proposal provided for the distribution of the proceeds from the sales tax among the Parish police jury, school board, and various towns, cities and villages within the Parish. The exact percentage share of the tax revenues which each of the legal entities within the Parish would receive was specifically set forth in the proposal.[1]

Nearly five years after the tax was enacted, the town of Ball, Louisiana, became

---

1. The proposal approved by the residents of Rapides Parish reads:

Shall the Parish of Rapides, State of Louisiana (under the authority of R.S. 33:2721 to R.S. 33:2734, inclusive) be authorized to levy and collect within said Parish a tax of one per cent (1%) upon the sales at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of the avails or proceeds of said tax (after paying reasonable and necessary costs and expenses of collecting and administering the tax) to be allocated and divided between the Parish of Rapides, the Parish School Board of the Parish of Rapides, and incorporated municipalities in the Parish of Rapides on a percentage basis as follows: (i) 9% to the Police Jury of the Parish of Rapides as the governing authority of the Parish; (ii) 50% to the Parish School Board of the Parish of Rapides; (iii) 33% to the City of Alexandria; (iv) 5% to the City of Pineville; (v) .5520% to the Town of Boyce; (vi) .5232% to the Town of Cheneyville; (vii) .7302% to the Town of Glenmora; (viii) .7497% to the Town of Lecompte; (ix) .1311% to the Vil-

lage of McNary; (x) .1524% to the Village of Forest Hill; (xi) .1614% to the Village of Woodworth; and shall the aforesaid political subdivisions dedicate and use the avails or proceeds of their respective allocations of the said tax for the purposes hereinafter set forth;

(a) In the case of the Parish, for the purpose of constructing and maintaining public roads, highways and bridges and other capital improvements, paying salaries of Parish employees, and for any other lawful corporate purposes; with such tax proceeds to be subject to funding into bonds in the manner provided by R.S. 33:2721 to R.S. 33:2734, inclusive, for the purpose of saying all or any part of the cost of one or more capital improvements; (b) In the case of the Parish School Board, for the purpose of supplementing other revenues available to the School Board for the payment of salaries of teachers and other personnel employed by the School Board; (c) In the case of the incorporated municipalities (other than the City of Alexandria), for any lawful corporate purpose (including capital improvements) with the pro-

incorporated within Rapides Parish. Since Ball was not an incorporated municipality at the time the sales tax was adopted, it was not included in the distribution scheme for the revenue generated by the tax. A Louisiana statute provides that challenges to the validity of a tax promulgated as the result of a Parish referendum must be made within 60 days of the date of the election. La.Rev.Stat.Ann. § 39:518. The prescriptive 60-day period ran long before Ball came into existence as a municipal corporation, and all parties concede that Ball may not challenge the Parish tax scheme in the courts of Louisiana. *See Andrieux v. East Baton Rouge Parish School District*, 254 La. 819, 227 So.2d 370 (La.Sup.Ct.1969).

Ball brought suit in federal district court claiming that the tax distribution scheme violated the equal protection and due process clauses of the fourteenth amendment, and sought three alternative forms of relief: the right to share in all revenue produced from the tax since the date of Ball's incorporation in 1972, the right to receive its proper share of the tax revenues for the current and all future tax years, and an injunction barring collection of the tax for so long as its distribution scheme remains unconstitutional.

The district court held that Ball's action was barred by the Tax Injunction Act of 1937, 28 U.S.C. § 1341. We reverse.

The Tax Injunction Act of 1937, 28 U.S.C. § 1341, provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

We pretermit any decision on whether at least a part of the relief which Ball seeks from the Rapides Parish sales tax distribution formula could be granted without enjoining, suspending or restraining the Parish sales tax itself.[2] We hold, however, that Louisiana law does not afford Ball a plain, speedy and efficient remedy in the courts of the state, and that Ball's suit is therefore not barred by section 1341.

The Louisiana procedure which allows a challenge to a Parish sales tax by bringing suit in state court within 60 days of the ratification election would normally be a plain, speedy and efficient state remedy for the purposes of section 1341. *Henry v. Metropolitan Dade County*, 329 F.2d 780, 781 (5th Cir. 1964). A taxpayer may not circumvent the state procedure by allowing the state limitation period to run and then claiming the lack of an adequate state remedy:

The expiration of time in which the state suit might have been brought does not

ceeds to be subject to funding into bonds in the manner provided by the laws of the State of Louisiana, for the purpose of paying all or any part of the cost of one or more capital improvements; provided, however, that any such bonds must be approved by the electors of the issuing municipality at an election held in such municipality in accordance with the provisions of R.S. 33:2721 to R.S. 33:2734, inclusive; (d) In the case of the City of Alexandria, for the purpose of paying general operating expenses of the City and paying salaries of City employees.

2. Rapides Parish was authorized under Louisiana law to enact a sales tax within the Parish, provided that the imposition of the tax and its funding into bonds was ratified in an election referendum. La.Rev.Stat.Ann. §§ 33:2732, 2733. The Louisiana statutory scheme further provides that the formula for allocating the proceeds of the tax must be fixed at the time of the election and set forth in the ballot proposal.

La.Rev.Stat.Ann. § 33:2723. *In Town of Brusly v. West Baton Rouge Police Jury*, 283 So.2d 288 (La.Ct. of App.), *writ refused*, 284 So.2d 776 (1973), the Louisiana Court of Appeal held that the statute requires that allocation of the tax proceeds be set according to existing conditions at the time of ratification. "There is no provision for a reallocation whatsoever." 283 So.2d at 289. *See also*, La.Rev.Stat. § 33:2727(D). Since we hold that there is no plain, speedy and efficient remedy available to Ball in the courts of Louisiana, we need not decide whether the relief sought by the town of Ball might be granted without actually enjoining, suspending or restraining the Parish sales tax. *See Levy v. Parker*, 346 F.Supp. 879 (E.D. La.1972), *aff'd*, 411 U.S. 978, 93 S.Ct. 2266, 36 L.Ed.2d 955. The lack of an adequate state remedy puts Ball's suit patently outside the bar of section 1341 whatever the technical effect of the relief sought by Ball might be.

result in the destruction of the plain and simple remedy principle specified in the Johnson Act. To hold otherwise would allow any disgruntled taxpayer to simply wait until the statute of limitations had run in the state courts and then bring suit in the federal court.

*Henry v. Metropolitan Dade County, supra,* 329 F.2d at 781.

The plight of the town of Ball, however, is unique. Because it did not exist as a legal entity in 1967, it never has had and never will have an opportunity to bring its equal protection and due process objections to the tax distribution scheme before the courts of Louisiana. Taxwise, the town is a forlorn, illegitimate child of the state law under which it was created: it may neither share in the special Parish sales tax revenues which its citizens are required to pay nor fight for a portion of those revenues in the state courts. In these circumstances the procedure set forth in La.Rev.Stat.Ann. § 39:518 is not a plain, speedy and efficient remedy. Indeed, for the town of Ball, no law of the State of Louisiana provides any remedy at all.

It is no answer to say that the citizens who resided in what is now the town of Ball could have challenged the tax scheme in 1967. It is not the private citizens but the town itself as a distinct legal entity, authorized to be incorporated within the bounds of Rapides Parish, that now seeks a share of that Parish's sales tax revenues. Because the town itself has from its inception been without a state remedy, its suit in federal court is outside the bar of section 1341.[3]

REVERSED.

---

**3.** Our explanation of the town of Ball's factual situation and its lack of available state remedies is not in any sense an intimation of our views on the merits of the town's constitutional claims, which are not before us on this appeal.