Dear Mr. Doughty:
We have received your recent correspondence on behalf of the West Carroll Parish Police Jury requesting our opinion regarding sales tax revenues dedicated for solid waste collection and disposal, and for recycling.
It is my understanding that the voters of West Carroll Parish approved two sales tax propositions, which state, in pertinent part, as follows:
 "Shall the Parish of West Carroll, State of Louisiana (the "Parish") . . . be authorized to levy and collect . . . an additional tax of one-fourth of one percent (1/4%) upon the sale at retail, the use, lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services in the Parish . . . with the proceeds of the tax . . . to be dedicated and used for the purpose of providing a solid waste recycling program for the Parish, including paying the cost of constructing, acquiring, maintaining and/or operating facilities and equipment required in connection therewith, and to pay other costs of collecting and disposing solid waste for the Parish?"
and:
 "Shall the Parish of West Carroll, State of Louisiana (the "Parish") . . . be authorized to levy and collect . . . a tax of three-fourths of one percent (3/4%) upon the sale at retail, the use or consumption of tangible personal property and on sales of services in the Parish . . . with the proceeds of the tax . . . to be dedicated and used for the purpose of paying the costs of constructing, acquiring, maintaining and operating facilities for collecting and disposing of solid waste for the Parish?"
You have advised that the Town of Oak Grove (within West Carroll Parish) currently picks up its own garbage and recyclables, and is reimbursed by the Parish at an agreed upon per household rate. Specifically, you advised that:
 "The police jury's question is, if there is no contract between the Parish and the Town of Oak Grove for the collection of garbage and recyclables, is the Town of Oak Grove entitled to a pro-rata share of the sales tax?"
According to R.S. 33:2711, an ordinance imposing a sales and use tax may be adopted by the governing authority only after the question of the imposition of the tax has been submitted to the qualified electors and a majority of those voting have voted on the Proposition imposing the tax.
R.S. 33:2714 provides:
 "The ordinance imposing said tax, and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes." (Emphasis added)
R.S. 33:2723 provides, in pertinent part:
 "The resolution imposing any tax hereunder, or amendments hereto, may specify that the avails or proceeds of the tax after payment of collection costs shall be divided by the governing authority of the parish between the parish, the parish school board and the several incorporated cities, towns and villages in the parish, or any one or more of them, in accordance with a formula or method of allocation set forth in the question or proposition which must be submitted to the qualified electors of the parish approving the levy of the tax in compliance with the requirements of R.S. 33:2722. Also the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors." (Emphasis added)
It is the opinion of this office that Louisiana's statutory sales tax scheme provides that sales tax revenues cannot be divided between a parish and a town unless the voters have approved the division of the proceeds and the method of allocation of the proceeds at an election called and conducted in accordance with law. [See Town of Brusly v. West Baton Rouge Parish Police Jury, 283 So.2d 288 (La.App. 1st Cir. 1973), and Town of Ball v. Rapides Parish Police Jury, 597 F.2d 43 (5th Cir. 1979), footnote 2]. Since the above quoted sales tax propositions do not authorize an allocation of revenues to the Town of Oak Grove, it is our opinion that the Parish cannot directly share those revenues with the town.
However, despite the prohibition against sharing of tax proceeds without voter approval, the Parish and Town are authorized to enter into an intergovernmental agreement regarding solid waste and recyclables collection pursuant to the Local Services Law (R.S. 33:1321, et seq.). A local services agreement can be perfected even if no formal, written contract is executed by the parties, as long as the terms of the agreement are set out in an ordinance or resolution of each of the governing bodies of the parties to the agreement. The ordinance(s) or resolution(s) must also be published in the same manner as are the other proceedings of each governing body.
Please contact this office if you or the Police Jury need further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv 2688m