Dear Mayor Villere:
You requested the opinion of this office concerning a proposed revenue sharing agreement (the "Proposed Agreement") between Sales Tax District Number 3 of St. Tammany Parish (the "District") which is comprised of the unincorporated areas of St. Tammany Parish (the"Parish") and the City of Covington (the "City"). Under the Proposed Agreement, the District would share sales tax revenues with the City depending upon which defined area generates the sales tax. All of these areas are geographically defined and are purported to be areas of potential annexation or impact to the City. You ask:
 May the District, comprised of the unincorporated areas of the Parish, share sales tax revenue generated with the District with the City that adjoins the District but is not included within the geographic boundaries of the District?
R.S. 33:172(3)(a) authorized a parish council and the governing authority of each municipality within the parish to establish operating agreements to govern annexation procedures and/or other matters related to growth management issues between and among themselves; however, this authority expired on April 1, 2003. R.S. 33:172(3)(b). The use of the proceeds of a sales tax adopted at an election in the State of Louisiana is dictated solely by the proposition approved by the voters. R.S. 33:2723; R.S.33:2714; R.S. 39:704; Op.Atty.Gen. Nos. 02-0365, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
The proposition which you supplied to this office provides that the proceeds of the District's tax are to be dedicated and used for the following purposes:
 "1. Constructing, overlaying and improving Priority I and Priority II roads, streets and bridges in the District . . .; and
 2. Repairing and maintaining roads, streets and bridges in the District . . ." (Emphasis added)
R.S. 33:2723 provides, in pertinent part:
 "The resolution imposing any tax hereunder, or amendments hereto, may specify that the avails or proceeds of the tax after payment of collection costs shall be divided by the governing authority of the parish between the parish, the parish school board and the several incorporated cities, towns and villages in the parish, or any one or more of them, in accordance with a formula or method of allocation set forth in the question or proposition which must be submitted to the qualified electors of the parish approving the levy of the tax in compliance with the requirements of R.S. 33:2722. Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof." (Emphasis added)
It is the opinion of this office that Louisiana's statutory sales tax scheme provides that sales tax revenues cannot be divided between a parish and a town unless the voters have approved the division of the proceeds and the method of allocation of the proceeds at an election called and conducted in accordance with law. See, Town of Brusly v. WestBaton Rouge Parish Police Jury, 283 So.2d 288 (La.App. 1st Cir. 1973), and Town of Ball v. Rapides Parish Police Jury, 597 F.2d 43 (5th Cir. 1979). Since the above quoted sales tax propositions do not authorize an allocation of revenues to the City, it is our opinion that the Parish cannot directly share those revenues with the town. See also, Op.Atty.Gen. 93-216.
However, despite the prohibition against sharing of tax proceeds without voter approval, the Parish and Town are authorized to enter into an intergovernmental agreement regarding the construction and maintenance of roads and bridges pursuant to the Local Services Law (R.S. 33:1321, et seq.). A local services agreement can be perfected even if no formal, written contract is executed by the parties, as long as the terms of the agreement are set out in an ordinance or resolution of each of the governing bodies of the parties to the agreement. The ordinance(s) or resolution(s) must also be published in the same manner as are the other proceedings of each governing body.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: April 25, 2003