Dear Mayor Hardaway:
You have requested an opinion of the Attorney General regarding a proposed cooperative endeavor agreement between the Town of Berwick ("Town") and the Berwick Development District ("District"). The transaction at issue involves the Town's purchase, without warranty of title, of approximately 60 acres of land from a local bank. The Town intends to sell the acreage to the District for the purpose of residential subdivision development. Once developed, the lots will be sold by the District to prospective buyers.
You specifically ask whether the Town can purchase the acreage without warranty of title and transfer same, for adequate consideration, to the District. You also ask whether the District can purchase the subject property from the Town and develop the realty into residential subdivision(s). If so, you ask whether the District may sell tracts of land without advertisement or public bids.
The constitutional norm for the lawful use of public funds and property is found at Article VII, Section 14 of the Louisiana Constitution of 1974 ("Section 14"). It provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
 * * *
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As can be gleaned from the above, the Constitution generally prohibits the loan, pledge or donation of public funds and/or property. Exceptions to this prohibition are found in paragraph (B), all of which appear to be inapplicable to the issue at hand.
Paragraph (C) authorizes the state and its political subdivisions (e.g., the Town and the District) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals.
A comprehensive analysis of Section 14 as it relates to the expenditure and/or use of public funds and property was undertaken by this office in Attorney General Opinion No. 90-651. As noted therein, our courts have held that Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional prohibition. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A). City of Port Allen v. Louisiana RiskManagement, et al., 439 So.2d 399 (La. 1983) and Attorney General Opinion No. 90-651.
In City of Port Allen, the Supreme Court ruled:
 "The cases that do exist [under La. Const. Art. IV § 12 (1921)] hold primarily that this section is violated whenever the state or political subdivision seeks to give up something of value when it is under no legal obligation to do so . . . .
 * * *
 Section 14(C) does not help the state, either. There is no indication that it is meant to be an exception to the rule of § 14(A); the exceptions are clearly contained in § 14(B). Thus, even if political subdivisions cooperate for a public purpose they still may not
give away their assets to other political subdivisions, the United States Government, or public or private associations or corporations, or to individuals merely for a `public purpose'." (Emphasis added.)
The threshold requirement of the constitutional doctrine for distinguishing between invalid and lawful expenditures and transfers of public funds and property is the presence of a legal obligation or duty by the transferor to alienate said funds or property. See Beard-Poulan, Inc. v. Department ofHighways, 362 F. Supp. 547 (W.D. La. 1973) and Town ofBrusly v. West Baton Rouge Parish Police Jury, 283 So.2d 288
(La.App. 1st. Cir. 1973).
This prerequisite is satisfied by the presence of a valid statute, ordinance, charter or contract. The vehicle by which the obligation is created may nevertheless be ultra vires or unconstitutional if it creates no binding legal obligation or if the obligation created is substantially inconsistent with, or beyond the scope of the Town's and/or District's authorized duties. Attorney General Opinion Nos. 95-141, 92-722 and 90-651.
As noted above, the requirement of a legal duty is the threshold, but not the only predicate for the constitutionality of the expenditure and/or transfer. Second, the expenditure and/or transfer must also be for a public purpose. Third, the expenditure must create a public benefit proportionate to the cost (i.e., the amount expended and/or the value of the property transferred). Attorney General Opinion Nos. 95-141, 93-787, 92-722, 92-127 and 90-651.
As can be seen from the above, the unequivocal prohibition established by Article VII, Section 14 constitutes one of the most enduring and formally consistent constitutional provisions in Louisiana law. Further, it has been consistently recognized and upheld by this office. Attorney General Opinion Nos. 95-472, 95-436, 94-518(A), 94-515, 94-260, 93-787, 93-717, 93-681, 93-279, 92-465, 92-402, 91-104, 89-180 and 84-871. With this in mind, we now focus on the initial issue of whether a valid legal duty or obligation exists on the part of the Town and/or District for the transactions set forth in your request. In connection therewith, we draw your attention to the following state and local statutory and home rule charter provisions.
The District was created pursuant to R.S. 33:2740.31, as amended by Act 43 of the First Extraordinary Session of 1996. It provides, in pertinent part, the following:
 "§ 2740.31. Berwick Development District A. There is hereby created a body politic and corporate of the state which shall exist in perpetuity and be known as Berwick Development District, hereinafter referred to as the `district'. . . . The district shall be a political subdivision of the state as defined in the Constitution of Louisiana. . . .
 B. The district is created for the objectives and purposes of:
 (1) Accepting title from or contracting with the town of Berwick concerning any or all real and personal property and improvements owned or acquired by the town of Berwick.
 * * *
 (3) Utilizing any land, real or personal property, and improvements to enhance economic benefits generated in the town of Berwick through diversified activities, including but not limited to:
 (a) Planning land use and development to foster: creation of new jobs, economic development, industry, health care, commerce, manufacturing, tourism, relocation of people and businesses to the area, shipbuilding, aviation, military, warehousing, transportation, offices, recreation, housing development, conservation, residential development, and subdivision development.
 * * *
 (c) Planning, developing, building, constructing, operating, regulating, maintaining, selling, and transferring any residential or subdivision land, real and personal property, and improvements.
 * * *
 D. The exercise by the board of the powers conferred shall be deemed and held to be an essential governmental function of the state. . . .
 E. In addition to the powers and duties elsewhere granted in this Section, the board is hereby granted and shall have and may exercise all powers necessary or convenient for the carrying out of its objectives and purposes, including but not limited to the following:
 * * *
 (3) To acquire by gift, grant, purchase, lease, or otherwise and to hold and use any property, real, personal, mixed, tangible, or intangible, or any interest therein, necessary or desirable for carrying out the objects and purposes of the district.
 (4) To sell, transfer, or convey any property acquired by it, or any interest therein, at any time to accomplish the objects and purposes of the district subject to applicable law. Any such sale, transfer, or conveyance shall provide for a fair and equitable return of revenue to the district.
 * * *
 (6)(a) To sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of or transfer to or with other political corporations of this state or private persons at public or private sale any residential or subdivision land, property, improvements, or portions thereof, including real property, which is, in the opinion of the board of commissioners, appropriate to accomplish the objectives and purposes of the district.
 (b) . . . Such disposition or transfer shall not require advertisement or public bids nor require any notice to be published in a newspaper or to be posted in any public place.
 * * *
 (9) To enter into contracts to achieve the district's objectives and purposes, including but not limited to contracts for professional and other services and for the purchase, lease, acquisition, sale, construction, operation, maintenance, and improvements of land, public works, and facilities, as the district may deem necessary or convenient to accomplish the objectives and purposes of the district, subject to the Public Bid Law, R.S. 38:2211, et seq.
 (10) To plan, develop, regulate, operate, and maintain activities and planned land uses to foster creation of new jobs, economic development, industry, health care, commerce, manufacturing, tourism, relocation of people and businesses to the area, shipbuilding, aviation, military, warehousing, transportation, offices, recreation, housing development, and conservation.
 * * *
 (16) To develop, activate, construct, exchange, acquire, improve, repair, operate, maintain, lease, mortgage, sell, and grant a security device affecting the movable and immovable property, servitudes, facilities, and works within the district under such terms and conditions as the district may deem necessary or appropriate for any public purpose, including industrial, residential, subdivision, and commercial development." [Emphasis added.]
The Town's Home Rule Charter grants it the right and authority to exercise any powers and to perform any function necessary for the management of its affairs. Section 1-04. Section 1-06 grants the Town the authority to enter into joint service agreements or cooperative endeavors.
In addition, the Charter grants the Town the power and authority to pass ordinances on all subject matters necessary for the management of municipal affairs, and all other subject matters without exception, subject only to the limitation that the ordinances shall not be expressly denied by the Charter, the laws of the State of Louisiana applicable to the Town and/or the Constitution. Section 1-05. Pursuant to this section, the Town adopted Ordinance No. 418 which locally codified the provisions of R.S. 33:2740.31, as amended by Act 43.
As can be seen from the above authorities, the District is vested with broad and sweeping power to acquire, by purchase, real or personal property from any entity, including the Town, for purposes of the reallocation of people and businesses and housing, residential and subdivision development within the Town. Further, the District is empowered to sell or lease real estate developed for residential and subdivision purposes to public and/or private corporations or individuals. The Town's Charter likewise empowers Berwick to dispose of any real property owned by it, and to accomplish same by way of joint service and/or cooperative endeavor agreements.
Considering the above, we find the presence of a legal obligation or duty (i.e., a valid statute, home rule charter and local ordinance) for the acquisition, development and alienation of real estate by the District. We turn now to the second condition that the transaction constitutes a public purpose.
R.S. 33:2740.31(D) clearly designates the exercise of the above powers by the District to be an essential governmental function of the State. We concur that the acquisition, development and sale of real property for residential and subdivision purposes to facilitate the infusion of people and businesses constitutes a public purpose. Further, the legislation in question is presumed to be legal until it is shown to be unconstitutional. Statev. All Pro Paint and Body Shop, Inc., 639 So.2d 707,93-1316 (La. 7/5/94). This brings us to the last requisite that the legal obligation creates a benefit for the public proportionate to the cost involved.
This quid pro quo element prohibits the Town and the District from disposing of the property through donation or sale at less than fair market value. City of Port Allen v.Louisiana Risk Management, et al., cited supra, and Attorney General Opinion Nos. 95-472 and 92-465. This requirement is reflected in R.S. 33:2740.31(E)(4) which states that any sale, transfer or conveyance must provide for a fair and equitable return of revenue to the District. We recommend that the consideration for any sale occurring in these transactions be derived with the aid of an independent appraisal.
With regard to the acquisition of the property by the Town without warranty of title, it is our opinion that it would be in the best interest of the Town to require the seller to warrant title to the property. In lieu thereof, the Town should have the title to the acreage researched and obtain title insurance that will adequately protect its interests.
Finally, with regard to the District's sale of tracts of land without advertising, public bids and/or notice, we refer you to R.S. 2740.31(E)(6)(a) and (b). It provides for the disposition of residential and subdivision real estate at public or private sale without public notice, advertisement and/or public bids. It should be noted, however, that Section 2740.31(E)(9) subjects the District to the Public Bid Law with regard to other transactions set forth therein.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General