283 So.2d 288 (1973)
TOWN OF BRUSLY
v.
WEST BATON ROUGE PARISH POLICE JURY (WEST BATON ROUGE).
No. 9462.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
Rehearing Denied September 27, 1973.
Writ Refused November 21, 1973.
William H. Brown (Howell & Brown), Baton Rouge, for appellant.
Charles H. Dameron, Port Allen, Fred A. Benton, Sr., Baton Rouge, Philip N. Pecquet, Port Allen, for appellee.
*289 Before LANDRY, TUCKER and PICKETT, JJ.
TUCKER, Judge.
The Town of Brusly filed a petition seeking a declaratory judgment against the West Baton Rouge Police Jury mandating said body to reallocate 41.6329% of the sales taxes derived as a result of an Ordinance adopted March 14, 1962. Plaintiff asked that the reallocation be made among the municipalities in the Parish based on the 1970 Federal Census instead of on the 1960 Census. Plaintiff asked, also that a determination be made to the effect that the Police Jury has the right to allocate to municipalities a portion of the funds derived from said tax not required for bond retirement and thus considered surpluses. The original defendant, West Baton Rouge Police Jury, filed an exception of non-joinder of parties, and plaintiff amended its petition to include as additional defendants the City of Port Allen and the Town of Addis. Subsequently defendant West Baton Rouge Police Jury filed an exception of no cause of action, alleging that there is no constitutional authority for the reallocation of the sales tax revenues as sought by plaintiff, and alleging, also, that it does not have the constitutional authority to distribute any of the sales tax funds to the various municipalities. The City of Port Allen filed a similar exception of no cause of action. The Town of Addis filed an answer which essentially aligned it with the interest of the Town of Brusly and in which it prayed for a declaratory judgment regarding the distribution of sales tax revenues. Judgment was given upholding the exceptions of the West Baton Rouge Police Jury and of the City of Port Allen.
The Town of Brusly has appealed urging simply that the trial court erred in sustaining the two exceptions of no cause of action. In its appellate brief plaintiff-appellant bases its entire argument, which it presents for the first time on appeal, on the premise that exceptions of no cause of action do not lie in declaratory judgment actions.
There is no reason in logic or in law why an exception of no cause of action should be an inappropriate procedural device to use in response to a petition for a declaratory judgment, as provided by C.C. P. Arts. 1871 et seq. Exceptions of no cause of action have been sustained, in fact, in the following suits for declaratory judgments: Jeffries v. Police Jury of Rapides Parish, 53 So.2d 157 (La.App. 2d Cir. 1951); Lamartiniere v. Daigrepont, 168 So.2d 373 (La.App. 3d Cir. 1964); and Porter v. Hawkins, 240 So.2d 912 (La.App. 4th Cir. 1970). The Exception of no cause of action simply states that the facts alleged are accepted as true, but that no reasons for judgment have been set forth as a matter of law. In the instant suit the trial court said in effect that, accepting all of the facts of plaintiff's petition as true, as a matter of law, it could not render the specific judgment prayed for by plaintiff and saw no reason for the delay or the expense of a trial on the merits. We concur.
The principal statute relating to the allocation of tax revenues which was in effect at the time that the West Baton Rouge Ordinance was adopted, authorizing and imposing the tax herein under consideration was L.R.S. 33:2723, as amended by Act 64 of 1961. It provides two methods for the allocation of tax revenues: (1) in proportion to the amount collected in the municipalities, or (2) upon a per capita basis as determined by the latest Federal Census or by a special census conducted by the Police Jury. From the wording of the statute it is apparent that in the case of either method of distribution the allocation is to be made upon the basis of existing conditions. There is no provision for a reallocation whatsoever.
In the case of the allocation according to the proportion of tax collected within certain boundaries, the statute provides "... as such boundaries exist at the time of the adoption of the resolution imposing *290 the tax." Similarly the allocation made on a per capita basis is equally clear in its implications. The statute provides for a per capita allocation according to the latest Federal census, with the approval of the Police Jury, and there is no mention of a reallocation according to a subsequent census. An alternate method of per capita distribution permits the Police Jury to take its own special census, but the intention of the legislators becomes even more clear in this instance; for it provides for a publication of the special census in the official journal of the Parish, "prior to any election held thereunder for the purpose of imposing the tax." No reallocation by a later special census could ever be made, because it would be impossible for it to be published prior to the election held for the purpose of imposing the tax. The statute also provided that in the event, a new census were taken, "the allocation of the avails of the tax as so determined shall become incontestable, and no court shall have any right to entertain litigation questioning the legality of the allocation." In 1962 R.S. 33:2723 did not provide for distribution of the avails of the tax, this being a matter purely discretionary with the Police Jury at the time. A subsequent portion of the statute made absolutely imperative, however, that there be a final allocation, because it provided for the funding of sales tax revenues into bonds. This would be impossible unless the allocation were definitely fixed and determined. R.S. 33:2727, subd. D, also, makes it abundantly clear that the reasons for not providing for reallocation of tax revenues is that it would jeopardize the rights of bondholders who have bought municipal bonds secured by the avails of the tax. The pertinent portion of the statute is as follows:
"When any bonds shall have been issued hereunder neither the legislature nor the parish may discontinue or decrease or permit to be discontinued or decreased the tax in anticipation of the collection of which such bonds have been issued, or in any way make any change in the allocation of the proceeds of such tax which would diminish the amount of the sales tax revenues to be received by the entity which issued the bonds, until all of such bonds shall have been retired as to principal and interest, and there is hereby vested in the holders from time to time of such bonds and the coupons representing interest thereon a contract right in the provisions of this Subsection and of R.S. 33:2721 through 33:2734."
When it is understood that the tax avails have been used to secure municipal bonds, it becomes obvious that there can be no reallocation of tax revenues until all municipal bonds have been retired. The Police Jury has no authority, much less a mandatory duty, to reallocate the avails of the sales tax among the various municipalities of West Baton Rouge. Plaintiff's petition did not state a cause of action based on the facts submitted, and the trial court was correct, therefore, in sustaining the exceptions of no cause of action.
Plaintiff has tried to show that the wording of Section 7(b) of the Police Jury Ordinance of April 11, 1962, authorizes the Police Jury to redistribute the monies which are surplus after bond payments. These surplus tax avails go into the general fund of the Parish, of course. Any resolution which attempted to authorize the Police Jury to allocate monies from the general fund to the various municipalities would be unconstitutional and clearly in violation of La.Const. Art. IV, sec. 12, which provides in part as follows:
"The funds, credit, property or things of value of the State or of any political corporation thereof, shall not be loaned, pledged or granted to or for any person, persons, associations or corporations, public or private....."
The plaintiff did not state a cause of action on this point, either.
*291 For the foregoing reasons the judgment of the trial court will be affirmed. Appellant is cast for such costs as appellant is liable for by law.
Affirmed.

ON APPLICATION FOR REHEARING.
PER CURIAM.
The Court notes its error in the decision of August 23, 1973, in which it stated that the entire avails of the sales tax in question were pledged to bond retirement, when in truth only 58.3671% of the avails are pledged to bond retirement. The Court also notes its error in the aforementioned decision in which it stated that the surplus sales tax collection fell into the general fund, when, in truth a careful reading of the Police Jury Ordinance of April 11, 1962, reveals that a fund designated as the "Public Improvement Bond and Recreation Sinking Fund," shall be available for Parish uses and also for use by the municipalities of the Parish.
Nevertheless the Court affirms its judgment of August 23, 1973, for the reason that the Police Jury Resolution adopted by the electorate of the Parish provided for an allocation of 41.6329% of the sales tax avails to the various municipalities of the Parish on the basis of a certain percentage of the total collection. The Resolution adopted made no provision for a distribution of the tax avails on the basis of population; therefore the question of using the 1960 or 1970 federal census as the basis of distribution from the Sales Tax Funds is not at issue. Although the principal statute relating to the allocation of tax revenues which was in effect at the time the West Baton Rouge Ordinance was adopted, L.R.S. 33:2723, as amended by Act 64 of 1961, mentioned only two methods of allocation: (1) in proportion to the amount collected in the municipalities, or (2) upon a per capita basis as determined by the latest Federal census or by a special census conducted by the Police Jury: the language of the statutes is permissive, and does not preclude the method of allocation adopted by the West Baton Rouge Police Jury.
Rehearing denied.