Dear Mr. Clements:
This responds to the opinion request forwarded to us by Mr. Joseph Accardo, Jr., dated June 25, 1992.
This request involves the following questions:
 (1) May the Port of South Louisiana sell at less than market value, donate or lease on a long-term basis for a relatively insignificant sum to a private company eleven (11) acres of land owned by the Port; and
 (2) May the Port of South Louisiana donate to the River Road Historical Society an 18th Century house located on the property which is in a dilapidated condition and is said to be of minimal value.
As concerns the first question, the Louisiana Constitution of 1974 provides, as a general rule, that neither the state nor local political subdivisions may loan, pledge or donate assets to or for any person, association or corporation, public or private. See Article VII, Section 14(A).
This provision has been interpreted on numerous occasions by this office, and by the courts on a few occasions. The cases hold that this section is violated whenever the state or a political subdivision seek to give up something of value when there is no legal obligation to do so. See, for example, City of Port Allen v. Louisiana Mun. Risk, 439 So.2d 399 (La. 1983); Town of Brusly v. West Baton Rouge Parish Police Jury, 283 So.2d 288
(La.App.), Writ denied, 284 So.2d 766 (La. 1973); and Beaird-Poulan, Inc. v. Louisiana Department of Highways,362 F. Supp. 547 (W.D.La. 1973).
Consequently, it is our opinion that it would be legally impermissible to sell land of the Port at less than market value, to donate it or to lease it on a long-term basis for a relatively insignificant sum. Constitutional amendments which would have authorized such transactions in the interest of encouraging the location of or additions to industrial enterprises were passed by the legislature in both 1989 and 1991, but both were rejected by the voters.
As concerns the question of the disposal of the dilapidated 18th Century house, we recommend that the structure be appraised and sold at public auction to the highest bidder, according to the procedures established by law for such sales. In the advertisement for bids, removal of the house at no expense to the Port could be made a condition of the bid.
We hope this opinion is of benefit to you and if we may be of further assistance, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: GARY L. KEYSER, CHIEF Lands and Natural Resources Section
GLK/scp