Dear Mr. Speed:
This responds to your request for an opinion of this office concerning St. Helena Parish Hospital Service District Number One (hereinafter "Hospital District"), as counsel to the St. Helena Parish Police Jury.
You advise that the buildings and grounds administered by the Hospital District, including the St. Helena Parish Hospital, are owned by the St. Helena Parish Police Jury. The Hospital District has sought to borrow funds from the U.S. Farmers Home Administration in order to build a congregate living facility next to the St. Helena Parish Hospital, but you understand that the facility must be owned by a non-profit corporation in order to comply with the federal agency guidelines. Further, the congregate facility must be operated for low and very low income people.
You ask whether it is permissible for the Hospital District, as an entity of the St. Helena Parish Police Jury, to donate or transfer property to the St. Helena Congregate Facility, a non-profit corporation created by the Hospital District.
For the reasons stated in our Opinion No. 93-483 which you requested recently, it appears that the funds, credit, property or things of value of the Police Jury should not be loaned, pledged or donated to a private non-profit corporation under the provisions of Article VII, Section 14(A) of the Louisiana Constitution of 1974. As stated in that prior opinion, several cases decided by the state and federal courts have interpreted these provisions to mean that a public entity may not utilize or transfer funds, credit, property or other things of value to even another public entity if there is no legal obligation to do so. See, for instance, Town of Brusly v. West Baton Rouge Police Jury, 283 So.2d 288 (1st Cir. 1971), writ denied, 284 So.2d 776
(La. 1973); Beard-Pouland, Inc. v. Louisiana Department of Highways, 362 F. Supp. 547 (W.D. La. 1973); and City of Port Allen, Louisiana v. Louisiana Mun. Risk Management Agency, Inc.,439 So.2d 399 (La. 1983).
It is possible that St. Helena Congregate Facility may be operated as an agency and instrumentality of the Hospital District, itself being a creature of the St. Helena Parish Police Jury. This would likely require that the employees and management of the St. Helena Congregate Facility be public employees, as distinguished from employees in the private sector.
However, without having full documentation of the process by which the Police Jury established the Hospital District and how it later established the non-profit corporation, as requested in my letter of October 26, 1993, we are unable to pass definitively upon the issue raised.
As presently structured, and without further information, it is the opinion of this office that the present plan to donate public property to a non-profit corporation is prohibited by Article VII, Section 14(A) of the Constitution. However, as also stated in Opinion No. 93-483, it is possible that the provisions of Section 14(C) of Article VII could be utilized for the purposes of a cooperative endeavor agreement to allow operation of the congregate facility.
I recommend that you contact the Farmer's Home Administration and get a full and complete copy of their rules and regulations pertaining to such facilities and determine whether or not it is permissible for the Hospital District itself to receive funding for the congregate living facility. If this is not possible, a cooperative endeavor agreement could possibly be utilized or the congregate facility could be operated in a way that would satisfy both the Farmer's Home Administration and the constraints of the Louisiana Constitution of 1974.
Please let me know if we may be of further assistance in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: GARY L. KEYSER, CHIEF Lands and Natural Resources Section
GLK/scp