Dear Mayor Savoy:
This responds to your request for an opinion of this office concerning the use of limestone owned by the Village of Port Vincent.
Specifically, you ask as follows:
 Can the municipality of Port Vincent legally put limestone on a designated "right-of-way" between two landowners? This is not a Village street, but a private "right-of-way".
As we understand the information presented, the "right-of-way" is not a dedicated right-of-way in favor of the public, but rather a right-of-way designated as such by two (2) adjacent landowners. Thus, the right-of-way would be used exclusively by private individuals, as distinguished from the public at large.
Under the circumstances, we must advise that the provisions of Article VII, § 14(A) of the Louisiana Constitution of 1974 prohibit the use of funds, credit, property or things of value of the State or of any political subdivision from being loaned, pledged or donated to or for any person, association or corporation, in the following language, to wit:
 Section 14. Donation, Loan, or Pledge of Public Credit
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this Constitution, the funds, credit, property, or things of value of the State or of any political subdivision shall not be loaned, pledged, or donated to or for any person association, or corporation, public or private.
Exceptions to this general rule are found in § 14(B), with respect to the use of public funds for programs of social welfare for the aid and support of the needy; for pensions and insurance programs; for public employees; and for the pledge of public funds, credit or property with respect to bonded debt.
As far as we can tell from your opinion request, the concept at hand is to use publicly owned limestone and public labor to place the limestone on a private right-of-way intended solely for use by two (2) adjacent landowners. According to the Constitutional provision cited and numerous court cases, including the Louisiana Supreme Court, this would be clearly prohibited, even if the proposal were to use the limestone on a parish right-of-way or a state right-of-way.
That is, the courts have held that it is unconstitutional to use public funds or resources for even another public entity where there is no legal obligation to do so according to law. See, for instance, Town of Brusly v. West Baton RougePolice Jury, 283 So.2d 288 (1st Cir. 1971), writ denied,284 So.2d 776 (Sup.Ct. 1973), wherein the Police Jury attempted to reallocate monies from its surplus funds to municipalities within the parish, which was held unconstitutional on the basis that the Police Jury had no legal obligation to provide funding to municipalities; Beard-Pouland, Inc. v. Louisiana Departmentof Highways, 362 F. Supp. 547 (W.D. La. 1973), wherein it was held that the state could not constitutionally pay relocation expenses when the jurisprudence did not permit such and when a constitutional amendment authorizing this action had not gone into effect; and City of Port Allen, Louisiana v. LouisianaMun. Risk Management Agency, Inc., 439 So.2d 399
(Sup.Ct. 1983), wherein the Supreme court held as unconstitutional a statute providing that all government subdivisions which are members of an intergovernmental risk management agency are jointly liable for claims not paid by the agency on the basis that one municipality could not constitutionally agree to pay claims of another inasmuch as it would amount to a donation or a gratuity not authorized by law.
It is notable that in the latter case, the legislature had expressly attempted to impose solidary liability on all members of the fund for unpaid claims, and this was just as explicitly held by the Supreme Court to violate the provisions of Article VII, § 14(A) of the Constitution. The opinions of this office have consistently followed the holdings of these cases, as in Op. Atty. Gen. No. 78-1260 (October 4, 1978); Op. Atty. Gen. No. 87-587 (September 8, 1987); Op. Atty. Gen. No. 89-180 (April 26, 1989); Op. Atty. Gen. No. 90-392 (January 15, 1991); Op. Atty. Gen. No. 90-73 (April 24, 1990); Op. Atty. Gen. No. 93-681; etc.
Consequently, we must advise that the Village of Port Vincent cannot use Village funds on private property and you were correct in your understanding of Louisiana law in this regard.
I hope this opinion is of value to you and if we may be of further assistance, please let us know.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________________ GARY L. KEYSER, CHIEF, Lands Natural Resources Section
RPI/GLK:bb