Dear Mr. Wimberly:
We are in receipt of your letter requesting that we reconsider Attorney General Opinion No. 97-471 which concluded that the Jefferson Parish District Attorney's Office could not participate in the funding of the Jefferson Coalition for Alternative Schools (Coalition). According to your original opinion request, attached hereto for your reference, you question whether such funding is prohibited by La. Const. Article VII, Section 14. In connection therewith, you have submitted additional information for our consideration.
The proposed funding is for the purpose of operating a Charter School (School). While the School would be part of the public school system, it is specifically designed to provide counseling and vocational training to middle school students who have been suspended from the public school system. The curriculum and counseling will focus on areas such as drug awareness and the prevention of drug abuse. Further, a large percentage of the students are from families of low to moderate income levels.
The expenditure in question must be examined in light of ArticleVII, Section 14 of the 1974 Louisiana Constitution (Constitution). It provides, in pertinent part, the following:
 § 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision, shall not be loaned, pledged or donated to or for any person, association or corporation, public or private. . . .
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
A very comprehensive analysis of the above Section, as it relates to the expenditure of public funds, was undertaken by this office in Attorney General Opinion No. 90-651. As noted therein, the constitutional norm for the lawful use of public funds and property is found in Section 14. As quoted above, Paragraph (A) generally prohibits the loan, pledge or donation of public funds.
Paragraph (C) of Section 14 authorizes the State and its political subdivisions (i.e., the District Attorney) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A). City ofPort Allen v. Louisiana Risk Management, et al., 439 So.2d 399
(La. 1983) and Attorney General Opinion No. 90-651.
In City of Port Allen, the Supreme Court ruled:
 The cases that do exist [under La. Const. Art. IV
§ 12 (1921)] hold primarily that this section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. . . .
 Section 14 (C) does not help the state either. There is no indication that it is meant to be an exception to the rule of § 14 (A); the exceptions are clearly contained in § 14 (B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States Government, or public or private associations or corporations, or to individuals merely for a `public purpose'." [Emphasis added.]
The threshold requirement of the constitutional doctrine for distinguishing between invalid and lawful expenditures and transfers of public funds and property is the presence of a legal obligation or duty by the transferor to alienate said funds or property. See Beard-Poulan, Inc. v. Dept. of Highways,362 F. Supp. 547 W.D. La. 1973) and Town of Brusly v. West Baton RougeParish Police Jury, 283 So.2d 288 (La.App. 1st Cir. 1973).
This prerequisite is satisfied by the presence of a valid
statute, ordinance, charter or contract. The vehicle by which the obligation is created may, nevertheless, be ultra vires or unconstitutional if it creates no binding legal obligation or if the obligation created is substantially inconsistent with, or beyond the scope of the District Attorney's authorized duties. Attorney General Opinion No. 90-651.
As noted above, the requirement of a legal duty is the threshold, but not the only predicate for the constitutionality of the expenditure. Second, the expenditure must also be for a public purpose. Finally, the expenditure must create a public benefit proportionate to the cost (i.e., the amount expended). Attorney General Opinion Nos. 96-115, 93-787, 92-722, 92-127 and 90-651.
All public responsibilities and legal duties are not carefully crafted into our laws. Further, law enforcement cannot reasonably be divided among separate and distinct entities or agencies. Rather, practical considerations demand that law enforcement be multi-faceted and that governmental agencies work together in order to effectuate an effective and efficient criminal justice system. As you are aware, R.S. 16:1 (B) provides that the District Attorneys throughout the State shall have charge of every criminal prosecution in his district.
As previously noted, the enrollment in the School will be comprised of juveniles who have been suspended from the public school system. The curriculum will focus on vocational training and counseling in areas such as prevention of drug abuse, etc. The ultimate goal of the School is to make it possible for these youths to be self-sufficient and productive members of our society, rather than wards of our criminal justice system.
Accordingly, and based on the additional information you have presented, we find a sufficient nexus exists upon which to base a cooperative endeavor agreement between the Coalition and your office. Your participation would be directly related to the reduction of crimes committed by society's young people — a public purpose well within the domain of the District Attorney. In accord are Attorney General Opinion Nos. 96-247, 95-483, 95-439, 92-517 and 85-567. In light of the supplemental information furnished us, Attorney General Opinion No. 97-471 is modified to concur herewith.
The cooperative endeavor agreement itself, should reflect the mutual obligations and benefits to be performed and received by each party, thereby assuring that the benefits received by the District Attorney are commensurate to his financial participation.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla