Dear Mr. Burdine:
On behalf of the Cypress-Black Bayou Recreation and Water Conservation District, you have requested an opinion from this office regarding whether and how the District may allow CBB Water System, Inc., a private non-profit corporation, to build a water tower on 1.23 acres of property owned by the District. In return for use of the property to build the water tower, CBB Water Systems is willing to sell water to the District "at cost." In discussions with yourself and Mr. James Southerland, attorney for the District, it was determined that you were interested in whether this can be accomplished through a cooperative endeavor agreement.
The use by CBB Water Systems of the District's property must be examined in light of Article VII, Section 14 of the 1974 Louisiana Constitution. This article provides, in pertinent part, the following:
 Section 14. (A) Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the State or of any political subdivision, shall not be loaned, pledged, or donated to or for any person, association or corporation, public or private . . .
 * * * (C) Cooperative endeavors. For a public purpose, the State and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
While paragraph A generally prohibits the donation of public property, paragraph C authorizes the State and its political subdivision to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, paragraph C merely supplements the prohibition against donations contained in paragraph A. It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds, credit, or property established in paragraph A. See City of Port Allen v. LouisianaRisk Management, et al., 439 So.2d 399 (La. 1983). In City ofPort Allen, the Supreme Court ruled:
 The cases that do exist [under La. Const. Art. IV
Section 12 (1921)] hold primarily that this section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so . . .
 * * * Section 14 (C) does not help the state either. There is no indication that it is meant to be an exception to the rule of Section 14 (A); the exceptions are clearly contained in Section 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States Government, or public or private associations or corporations, or to individuals merely for a public purpose.
The threshold requirement of the constitutional doctrine for distinguishing between invalid and lawful expenditures and transfers of public funds and property is the presence of a legal obligation or duty by the transferor to alienate said funds or property. See Beard-Poulan, Inc. v. Department of Highways,362 F. Supp. 547 (W.D. La. 1973), Town of Brusly v. West Baton RougeParish Police Jury, 283 So.2d 288 (La.App. 1 Cir. 1973).
The Cypress-Black Bayou Recreation and Water Conservation District was created under La. R.S. 38:2601 et seq. These provisions give the District fairly broad powers to develop and conserve the waters of the District for the benefit of persons residing or owning property within the District. This includes the authority to negotiate and execute contracts and cooperate with political subdivisions of the State for the construction, operation and maintenance of facilities designed to accomplish the purposes for which the District was created. La. R.S.38:2603. It is the opinion of this office that the Cypress-Black Bayou Water Conservation District has the statutory legal authority to enter into a cooperative agreement with CBB Water Systems Inc. to provide the land necessary for the construction of a water tower, which will, in part, provide water to the District.
The requirement of a legal duty is the threshold, but not the only predicate for the constitutionality of the use of the property. Additionally, the use of the property must be for a public purpose. Finally, the District must receive from CBB Water Systems consideration proportionate to the value of the use of the property. According to your opinion request, and in conversation with you and Mr. Southerland, the purpose of the water tower is to provide a reservoir for use by persons in the District in the event of interruption to the normal water delivery system. We believe the guarantee that the people of the District will have uninterrupted availability of fresh water constitutes a valid public purpose.
Additionally, in return for the use of the property, CBB Water Systems will provide this water to the District at a reduced rate from the price it charges other customers. Based on the limited facts presented for our review, our office can not determine whether the public benefit is proportionate to the value of the property, but it appears CBB Water Systems is providing valuable consideration to the District in the form of access to and a reduced charge for the water stored in the water tower in return for use of 1.23 acres of land provided by the District. We recommend the District review the use value of the property as compared to the value of the reduced water charges to insure that the benefit received by the District is proportionate to the value of the property. Thereafter, prior to implementation, the cooperative agreement should be given legal review to insure that all pertinent legal requirements have been met.
Finally, we note that a cooperative endeavor agreement should be in writing and should reflect the mutual obligations and benefits to be performed and received by each party.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp