Dear Mr. Cabra:
This office is in receipt of your opinion request for an opinion of the Attorney General as to what are the appropriate means for the Vernon Parish Police Jury to follow in disposing of dirt removed from ditches and road beds, commonly referred to as "ditch dirt." Specifically, you ask two separate questions: (1) whether the police jury may deliver the excess dirt to private landowners, ballparks, churches, and cemeteries, without receiving any compensation for the donation of dirt, though it benefits the police jury by convenience; and (2) if this practice is impermissible, what are the appropriate means for the police jury to follow in disposing of the excess dirt?
Article VII, Section 14(A) of the 1974 Louisiana Constitution addresses your first query. It states, in pertinent part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
The Louisiana Supreme Court has interpreted that this provision is violated whenever the state or political subdivision seeks to give up something of value when it is under no legal obligation to do so. Town of Brushly v. West Baton Rouge Police Jury,283 So.2d 288 (La. 1 Cir. 1971), writ denied, 284 So.2d 776 (La. 1973); City of Port Allen v. Louisiana Municipal Risk ManagementAgency, Inc., 439 So.2d 401 (La. 1983).
The dirt is clearly public property because it is being extracted from public roads and ditches. The dirt apparently has some value because private persons are accepting it from the police jury and putting it to use. Lastly, the police jury is under no legal obligation to donate the dirt to private individuals.
Based on these factors, it is the opinion of this office that the donation of ditch dirt by the Vernon Parish Police Jury to private persons is prohibited under Article VII, Section 14(A) of the 1974 Louisiana Constitution.
Turning to your second question, we believe the police jury has three different options as to how it may dispose of the excess dirt. The first option is for the police jury to transport the dirt to a police jury stockpile.
The second option is for the police jury to take advantage of LSA-R.S. 49:125, which provides for the sale of surplus property. This provision states, in pertinent part:
 A. Not withstanding any other law to the contrary, the state or any board, commission, department or agency of the state or any political subdivision of the state is hereby authorized to sell surplus movable property at public auction, in addition to the other methods provided by law for such sales. The unit of government so desiring to sell surplus movable property at public auction is authorized to employ qualified licensed auctioneers to handle said sale.
This statute authorizes the police jury, as a political subdivision of the state, to sell surplus movable property at public auction. Dirt extracted from ditches and roadbeds is a movable under LSA-C.C. article 471.
A third potential solution available to the police jury is provided by Article VII, Section 14 (C), which states, in pertinent part:
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, cooperation, or individual.
It should be possible for the police jury's legal counsel to draft a Cooperative Endeavor Agreement which could be used for dirt transfer transactions which recite adequate consideration to the police jury for the exchange or transfer of the dirt, and therefore fit comfortably within the typical parameters of a cooperative endeavor as contemplated by the state constitution. The transaction would have to be for a public purpose, as required by the cited constitutional provision.
We trust the foregoing information answers your questions sufficiently. Should you have any further questions regarding this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK ASSISTANT ATTORNEY GENERAL
RPI/FCW/tp