Dear Mr. Carson:
You have requested an opinion of the Attorney General of whether La. R.S. 38:1807C allows the St. Tammany Parish Sub-Drainage District No. 2 of St. Tammany Parish Gravity Drainage District No. 3 to repair or expand the Magnolia Forest Ring Levee.
As we appreciate the facts, the Magnolia Forest Ring Levee was built in 1981 by a developer in conjunction with the development of a one hundred-fifty lot subdivision located within the ring levee. The ring levee, as well as the internal subdivision, are all located on private property, with a small drainage servitude located at the rear of the property. The developer has provided no maintenance to the ring levee for at least 15 years, nor apparently have the owners of the property located within the levee. There are no known restrictions on and/or requirements for the private landowners regarding maintenance of the ring levee. The ring levee was built without any public funds and has not been dedicated to the parish or any other governmental entity. Further, there are no adverse drainage impacts to property located outside the ring levee resulting from the condition of the ring levee.
Sub-Drainage District No. 2 of Drainage District 3 is geographically broader, but includes the area enclosed within the ring levee. The levee has never been maintained by St. Tammany Parish, Gravity Drainage District No. 3, or Sub-Drainage District No. 2.
As there are no adverse drainage impacts to property located outside the ring levee, it appears the purpose of maintaining the levee is to provide adequate drainage to the private property located within the ring levee.
La. R.S. 38:1807 provides for sub-drainage districts within St. Tammany Parish and states, in pertinent part:
 C. Any sub-drainage district created hereunder shall be considered a political subdivision of the State of Louisiana, and is granted and shall have all powers necessary to construct and acquire and operate and maintain projects, works, improvements and equipment to improve and facilitate drainage within such district and which shall include, but without limitation, the authority to construct projects for drainage of lands in the district by the construction, improvement, extension, renewal and/or replacement of drainage facilities, including canals, ditches, pumps, levees and related buildings, machinery, rights-of-way and sites.
Additionally, this Section provides that such sub-drainage districts may acquire property, fix, maintain, collect, revise rates and charges, issue revenue bonds, and levy and collect fees not exceeding $500.00 per parcel per year. Clearly, drainage districts, along with sub-drainage districts, are given broad powers to perform acts necessary to provide for the proper drainage within their districts. This includes maintaining levees if beneficial for proper drainage in the district.
Drainage and sub-drainage districts are created to ensure proper drainage for the health, safety, and welfare of all the people within the boundaries of the district. In the instance presented for our review, it appears the question refers to performing maintenance on the Magnolia Ring Levee for the benefit of the people located within the levee. While these people are members of the sub-drainage district, they do not constitute all of the members of the district. In effect, the entire population of the sub-drainage district would be subsidizing maintenance of the levee for the benefit of the property within the levee, with no corresponding benefit to property located within the sub-drainage district but outside the levee.
The maintenance of the private ring levee must therefore be examined in light of Article VII, Section 14 of the 1974 Louisiana Constitution. This article provides, in pertinent part, the following:
 Section 14. (A) Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the State or of any political subdivision, shall not be loaned, pledged, or donated to or for any person, association or corporation, public or private . . .
This section generally prohibits the donation of public property. See City of Port Allen v. Louisiana Risk Management, etal., 439 So.2d 399 (La. 1983). In City of Port Allen, the Supreme Court ruled:
 The cases that do exist [under La. Const. Art. IV
Section 12 (1921)] hold primarily that this section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so . . .
The threshold requirement of the constitutional doctrine for distinguishing between invalid and lawful expenditures and transfers of public funds and property is the presence of a legal obligation or duty by the transferor to alienate said funds or property. See Beard-Poulan, Inc. v. Department of Highways,362 F. Supp. 547 (W.D. La. 1973), Town of Brusly v. West Baton RougeParish Police Jury, 283 So.2d 288 (La.App. 1 Cir. 1973). This requirement of a legal duty is the threshold, but not the only predicate for the constitutionality of the expenditure of its funds. Additionally, the use of the property must be for a public purpose.
Clearly, as discussed above, St. Tammany Parish Sub-drainage District No. 2 has the legal obligation to provide such services as necessary to provide for the proper drainage for the district. But, in this instance, maintaining the Magnolia Ring Levee, a privately built levee, on private property, appears to be for the sole benefit of the private property located within the levee. Unless paid for by the property owners within the levee or unless necessary for the overall drainage of the district, it is our opinion that maintenance of the levee by Sub-District No. 2 fails the legal duty and public purpose requirements and would constitute a public donation in violation of Article VII, Section 14 of the Louisiana Constitution.
It should finally be noted that La. R.S. 38:1807 provides for the creation of sub-drainage districts within St. Tammany Parish. It may be possible to create a sub-drainage district conterminous with the property located within the Magnolia Ring Levee. This sub-drainage district could then fund maintenance of the levee and perform other necessary drainage services through imposition of a parcel fee and the other funding options allowed by Section 38:1807.
We trust the foregoing has been helpful. Should you have any further questions, please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp