Dear Mr. Speed:
You have requested an opinion of the Attorney General regarding a proposed one-time donation of $7,000 from the Tangipahoa Parish Council-President Government (government) to a nonprofit corporation organized for the purpose of providing assistance to veterans. The donation would assist the organization in the purchase of a van for the transportation of veterans for medical treatment. You specifically ask whether this transaction is constitutionally permissible under Article VII, Section 14 of the 1974 Constitution of the state of Louisiana.
It is our opinion that the above expenditure and/or donation must be examined in light of Article VII, Section 14. It provides, in pertinent part, the following:
 § 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
A very comprehensive analysis of the above Section, as it relates to the expenditure of public funds was undertaken by this office in Attorney General Opinion No. 90-651. As noted therein, the constitutional norm for the lawful use of public funds and property is found in Section 14. As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Exceptions to this prohibition are found in Paragraph (B). Exceptions include the use of public funds for programs of social welfare for the aid and support of the needy. We have been advised by representatives of the government that the van in question will be used for the transportation of veterans regardless of income levels. Accordingly, we opine that this does not fall within the social welfare exception.
Paragraph (C) of Section 14 authorizes the state and its political subdivisions (i.e., the government) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A). City ofPort Allen v. Louisiana Risk Management, et al, 439 So.2d 399
(La. 1983) and Attorney General Opinion No. 90-651.
In City of Port Allen, the Supreme Court ruled:
 The cases that do exist [under La. Const. Art. IV § 12 (1921)] hold primarily that this section is violated whenever the state or political subdivisions seek to give up something of value when [they are] under no legal obligation to do so. . . .
 Section 14(C) does not help the state, either. There is no indication that it is meant to be an exception to the rule of § 14(A); the exceptions are clearly contained in § 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States Government, or public or private associations or corporation, or to individuals merely for a `public purpose'. (Emphasis added.)
The threshold requirement of the constitutional doctrine for distinguishing between invalid and lawful expenditures and transfers of public funds and property is the presence of a legal obligation or duty (i.e., authority) by the transferor to alienate said funds or property. Beard-Poulan, Inc. v. Dept. OfHighways, 362 F. Supp. 547 (W.D. La. 1973) and Town of Brusly v.West Baton Rouge Parish Police Jury, 283 So.2d 288 (La.App. 1st Cir. 1973).
As noted above, the requirement of a legal duty is the threshold, but not the only predicate for the constitutionality of the expenditure. Second, the expenditure must also be for a public purpose. Third, the expenditure must create a public benefit proportionate to the cost (i.e., the amount expended). Attorney General Opinion Nos. 98-410, 95-81, 93-787, 92-722, 92-127 and 90-651. With these criteria in mind, we turn to your question and the expenditure at issue.
All public responsibilities are not carefully written into the text of laws. Some are there by inference. Such an inference can be drawn from the Preamble to our United States Constitution which declares that the purpose of government is to provide for the common defense and to promote the general welfare. The general welfare is closely associated with not only the welfare of all the people, but the welfare of individual groups. Thus, for example, this office has previously sanctioned the use of public funds for the erection of memorials as public tributes to war veterans. Attorney General Opinion No. 91-230. For public bodies to neglect to express public gratitude would be to neglect public duty.
We believe that the transportation of veterans for medical treatment, necessitated in many instances as a result of injuries suffered in the defense of our country, is no less a public duty than the erection of memorials. The transfer of public funds to assist in the purchase of the van accomplishes the public purposes of providing medical treatment to the veterans of Tangipahoa Parish and granting the citizens of the Parish the opportunity and satisfaction of being able to express their gratitude.
Accordingly, it is the opinion of this office that the Tangipahoa Parish Council may transfer $7,000 in public funds toward the purchase of a van which will be used to transport veterans for medical treatment. We further conclude that this expenditure constitutes a legitimate public purpose under Article VII, Section 14 of the 1974 Louisiana Constitution. In so holding, we find that the amount transferred is not so disproportionate to the public benefit realized so as to render it unconstitutional.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla
Date Received:
Date Released:
Robert E. Harroun, III
Assistant Attorney General