Dear Chief Camp:
You requested the opinion of this office concerning the use of the proceeds of a sales tax that was passed in the City of Springhill in 1968. You advised that the tax proceeds were dedicated for police, fire and recreation purposes. In 1992, the fire department separated from the City and formed a fire protection district (the "District"). Your question is whether the District is entitled to or can obtain a portion of the sales tax proceeds.
The use of the proceeds of a sales tax adopted at an election in the State of Louisiana is dictated solely by the proposition approved by the voters. R.S. 33:2723; R.S. 33:2714; R.S. 39:704; Op.Atty.Gen. Nos. 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50. From the information you supplied, the propositions at issue do not contain any direction as to the allocation of said proceeds among the permissible uses of the proceeds. The allocation should therefore be determined by the Mayor and Board of Aldermen of the City of Springhill in their discretion so long as the use is in accordance with the proposition approved by the electorate. Op.Atty.Gen. Nos. 01-269, 91-83. In State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317,19 So.2d 153 (1943), the Supreme Court said:
 "There is nothing more firmly established in law than the principle that, within the limits of their authority, the power and discretion of legally created governing boards is supreme. Their wisdom or good judgment cannot be questioned by the courts. Members of these boards are appointed or elected because of their peculiar fitness for the post . . . A presumption of legality and regularity attaches to the action of all government boards. It is only when it is clearly shown that the action of such a board is beyond its authority or is arbitrary, unreasonable, or fraudulent that a court is justified in interfering."
The purposes for which the proceeds may be used includes constructing, acquiring, extending, improving, operating and maintaining fire department stations and related facilities, among other purposes. Accordingly, the City of Springhill could, but is not required to, use the sales tax proceeds for those fire related purposes. Op.Atty.Gen. 96-83.
Your question of whether you can make the City spend money on the maintenance and upkeep of the water lines and fire hydrant infrastructure, must be answered in the negative. In Town of Brusly v.West Baton Rouge Parish Police Jury, 283 So.2d 288 (La.App. 1st Cir. 1973), writ refused, the Town sought to mandamus the Police Jury to reallocate a portion of the parish sales taxes derived as a result of an ordinance adopted by the police jury. The court determined that once the Police Jury adopted an ordinance setting the allocation of the proceeds of the tax prior to the election based upon a federal census "no reallocation after the election could ever be made" because it would be impossible for the police jury to publish the allocation prior to the election held for the purpose of imposing the tax. The court further held that once bonds have been issued payable from the tax, there can be no reallocation of tax revenues until all municipal bonds have been retired. The police jury had no authority, much less a mandatory duty, to reallocate the avails of the sales tax among the various municipalities of West Baton Rouge.
In Louisiana Association of Educators v. St. Tammany Parish SchoolBoard, 430 So.2d 1144 (La.App. 1st Cir. 1983) the plaintiffs attempted to compel a school board to allocate sales tax proceeds in the same percentage as had been suggested in information and advertisements circulated prior to the election. The court determined that where the tax proposition did not contain a specific allocation, it was within the discretion of the school board to determine how to allocate the proceeds of the tax.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RECEIVED: 9/13/02
DATE RELEASED: October 9, 2002