Dear Mayor Butler:
You have requested our opinion as to whether the Town of Woodworth may provide fire protection services, free of charge, in an area outside the Town limits. You indicate in your letter that the Town's fire department is funded with proceeds from a 1% sales tax levied in 1997. In accordance with the proposition submitted to the voters, the proceeds are to be used for "acquiring, constructing, improving, maintaining and operating the [town's] fire protection facilities, vehicles and equipment, including the payment of salaries, insurance and other expenses of the fire department of the [town]. . ."
The Rapides Parish Police Jury would like to renew an agreement with the Town in which the Town provides fire protection services for an area of the parish located outside the Town limits, an area for which the Parish is responsible. In the past, the Town provided these services free of charge, and you now question whether it is legal for the Town to continue to do so, in light of the funding from the special tax proceeds.
It is our opinion that the Town may not provide services for the area outside its limits free of charge, regardless of the source of the public funds. However, if the Town desires to continue providing services in this area, it may do so by entering into a local services agreement[1] with the Parish, provided the Parish bears all costs associated with providing the services. Your request requires the analysis of the La. constitutional prohibition against donating public funds and the statutes regarding the use of proceeds from special taxes.
Use of Proceeds of a Special Tax. La.R.S. 39:704 addresses the use of special tax proceeds and provides, in pertinent part, "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied." This office has consistently determined that special tax proceeds must be used in accordance with the will of the electorate, and their use is dictated solely by the language contained in the proposition approved by the voters.[2]
Additionally, longstanding Louisiana jurisprudence requires that special tax authorizations be strictly construed[3]. In this instance, based on the language contained in the proposition, the proceeds of this tax must be used solely for expenses of the Town's fire department and exclusively for the benefit of the citizens of the Town. The Town may not use these proceeds to provide free fire protection services in an area outside its limits.
Prohibition Against Donations of Public Funds. Louisiana Constitution Article VII, Section 14(A) contains the general prohibition against the donation of "funds, credit, property, or things of value of the state or of any political subdivision". Generally, political subdivisions are found to have violated this provision if they give up something of value when they are under no legal obligation or duty to do so.[4] The Town will be in violation of this provision if it continues to provide free fire protection services in the area outside its limits, regardless of the origin of the funding. These services constitute "things of value" and cannot be given away. However, if the Town desires to continue providing services in this area, it may do so by entering into a local services agreement with the Parish, pursuant to the authority of La. Const. Art. VII, Section 14 and Louisiana's Local Services Law.[5]
Article VII, Section 14(C) of the La. Constitution authorizes the state and its political subdivisions to engage in cooperative endeavors (agreements) for public purposes. This authorization does not, however, exempt political subdivisions from the prohibition of Section 14(A).[6] This office has consistently opined that a constitutionally-sanctioned cooperative endeavor must meet the following three requirements: 1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.[7] Thus, if the Town desires to renew or enter into a new cooperative agreement with the Parish, the agreement must meet these three requirements.
First, the Town must have a legal obligation or duty to expend the funds. In this case, the Town does not have such an obligation or duty. The Parish is responsible for the area in question. However, our Local Services Law addresses situations like this and authorizes political subdivisions to enter into agreements to act jointly when at least one of the parties to the agreement is authorized by law to undertake the activity. Since the Parish has an obligation or duty to provide the services to the area in question, the Town and the Parish may agree to act jointly to provide these services.
Second, the agreement must be for a public purpose. Fire protection is commonly understood to be a public purpose, and La.R.S.33:1324 expressly includes fire protection in its list of public projects for which political entities may agree to act jointly.
Third, the costs expended must be proportionate to the benefit received. The Town may not provide these services free of charge or at a nominal or reduced rate. The Town must receive compensation proportionate to the cost of providing the services. Moreover, since the fire department is funded with special tax proceeds, the cost of providing services for an area outside the Town limits must be borne completely by the Parish.[8]
We trust this adequately addresses your request. If you have any questions, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 DENISE B. FITZGERALD Assistant Attorney General
CCF, JR.:DBF:jv
[1] La.R.S. 33:1324; Also commonly referred to as "intergovernmental " or "joint services" agreements.
[2] Atty. Gen. Op. Nos. 02-060, 99-080, 96-246, 94-346, 92-050
[3] Hemler v. Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v. Ouachita Parish School Board, 136 So 591 (La. 1931); Hodnett v. Monroe City School Board, 277 So.2d 598
(La.App. 2nd Cir. 1972), and Brock v. St. James Parish Council, 407 S0.2d 1265 (La.App. 4th Cir. 1981), writ denied.
[4] Town of Brusly v. WBR Police Jury, 283 So.2d 288 (1st Cir. 1973); Atty. Gen. Op. No. 90-651
[5] La.R.S. 33:1321 et seq.
[6] City of Port Allen v. La. Risk Management, 439 So.2d 399
(La. 1983)
[7] Atty. Gen. Op. No. 92-722, 93-164, 93-787, 04-112
[8] Atty. Gen. Op. Nos. 96-97-A, 04-130