Dear Mayor Hollingsworth:
You have requested the opinion of this office regarding the legality of the Town of Elton entering into an agreement with the Jefferson Davis Parish Police Jury for the support of the VA Hospital in Jennings. As provided in your letter, the VA has had financial difficulties and shortfalls in the administration of its hospital facility in Jennings and has requested that the Town of Elton, along with other area towns, contribute to the support of the hospital. The Town Council wants to know whether it can legally contribute public funds to support the VA Hospital.
Louisiana Constitution Article VII, Section 14(A) contains the general prohibition against the donation of "funds, credit, property, or things of value of the state or of any political subdivision". Generally, political subdivisions are found to have violated this provision if they give up something of value when they are under no legal obligation or duty to do so.[1]
In identifying legal obligations and duties, this office has on several occasions opined as follows:
 All public responsibilities are not carefully written into the text of laws. Some are there by inference. Such an inference can be drawn from the Preamble to the U.S. Constitution which declares that the purpose of government is to provide for the common defense and to promote the general welfare. The general welfare is closely associated with not only the welfare of all the people, but the welfare of individual groups. Public tributes to war veterans in the erection of memorials have been an accepted public purpose throughout the history of our country. For public bodies to neglect to express public gratitude would be to neglect public duty.[2]
We have also opined that the transportation of veterans for medical treatment is no less a public duty than the erection of memorials, and therefore, the use of public funds to purchase a van accomplishes the public purposes of providing medical treatment to veterans and of granting citizens the opportunity and satisfaction of being able to express their gratitude.[3]
Ceremonies honoring war veterans also serve the public purpose of allowing citizens to express their gratitude to those who risked their lives defending their country.[4]
Accordingly, it is the opinion of this office that the Town of Elton may contribute public funds to support the VA hospital in Jennings. Moreover, it can do so through a cooperative endeavor, provided the agreement meets the requirements for a constitutionally-sanctioned cooperative endeavor as will be discussed below.
The constitutional authority for political subdivisions to engage in cooperative endeavors is found in La. Const. Art. VII, Sec. 14(C), which authorizes political subdivisions to engage in cooperative endeavors. This authorization does not exempt political subdivisions from the prohibition against the donation of public funds. This office has consistently opined that a constitutionally-sanctioned cooperative endeavor must meet the following three requirements: 1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.
The first and second requirements have been discussed above and are met. The third requirement is a factual determination. The Town must determine whether the costs to the Town, which appear to be nominal in this instance, are proportionate to the public benefit it will receive. If the Town determines that the costs are proportionate to the benefit, it may legally enter into the cooperative agreement with the Parish to support the VA hospital.
We trust this adequately addresses your concerns. If you have any further questions, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _______________________________
 DENISE B. FITZGERALD Assistant Attorney General
CCF, JR:DBF:dam
[1] Town of Brusly v. WBR Police Jury, 283 So.2d 288 (1st Cir. 1973); Atty. Gen. Op. No. 90-651
[2] Atty. Gen. Op. Nos. 91-230, 98-398 and 02-411
[3] Atty. Gen. Op. No. 98-398
[4] Atty. Gen. Op. No. 02-411