Dear Mayor Overton:
We are in receipt of your letter requesting an Attorney General opinion on numerous issues, most of which appear to be covered by state statutes or local ordinances. We are unable to determine the legal issues for which you are seeking the Attorney General's opinion. For example, you state in your letter that you have over $53,000 in outstanding accounts that are all over three years old and ask for the legal time limit for collecting on outstanding accounts.
La. Civil Code Article 3494 provides, in pertinent part, "The following actions are subject to a liberative prescription of three years . . . (4) An action on an open account." Thus all legal actions to enforce the payment of these open accounts were barred after three years, and you may no longer take any legal actions to enforce them. A natural obligation still exists, and the debtor may voluntarily pay the debt, but as a creditor, you no longer have the right to enforce the payment. This means you may not disconnect present services for the failure to pay the balances over three years old.
You further state that the yard of a local sawmill is cluttered and unsightly. It contains stacks of old, rotten wood and broken equipment surrounded by high weeds, and the owners have not cleaned it despite repeated requests by the Town. Your letter states that the Town has an ordinance that requires that grass be kept less than 18 inches in height, and you ask how this ordinance can be enforced. The Town must look to its ordinance for the method of enforcement. The Town may not, however, discontinue services because the property is unsightly and the grass is uncut.
Additionally, we note that Article VII, Sec. 14(A) of the La. Const. contains a prohibition against donating public funds. Generally, towns are found to have violated this provision if they give up something of value when they are under no legal obligation to do so.[1] Therefore, if the enforcement of the grass ordinance required the Town to either cut the grass or pay to have it cut, the Town would have to recoup its costs from the landowner. *Page 2 
If this guidance has not adequately addressed your legal issues, please consult with your city attorney and provide this office which a brief summary of the legal issues for which you are requesting an opinion. If you have additional questions, please contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: __________________________ DENISE BROU FITZGERALD Assistant Attorney General
CCF, jr./DBF/dam
[1] Town of Brusly v. WBR Police Jury, 283 So.2d 288 (1st
Cir. 1973); Atty. Gen. Op. No. 90-651.